**Amanda NEWBY, by and through her Legal Representative Angela NEWBY, Petitioner,**

v.

**SECRETARY OF HEALTH, AND HUMAN SERVICES, Respondent.**

No. 90–2250V.

United States Court of Federal Claims.

June 26, 1998.[1]

Rodney A. Klein, Sacramento, CA, for petitioner. Bruce D. McGagin, Law Offices of Rodney A. Klein, of counsel.

Caroline G. Elmendorf, Washington, DC, with whom was Assistant Attorney General Frank Hunger, for respondent.

### *ORDER*

MILLER, Judge.

The issue on respondent's motion for review of a special master's decision is whether

1. This order was originally issued on June 18, 1998, and is being reissued at respondent's request pursuant to RCFC 52.1(b).

the special master had the authority to award, directly to counsel, attorneys' fees and related costs incurred in the prosecution of a National Vaccine Injury Compensation Program claim, pursuant to National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1—300aa-34 (1994), *as amended* by 42 U.S.C.A. §§ 300aa-1—300aa-34 (West Supp.1998) (the "Vaccine Act"). Argument is deemed unnecessary.

## FACTS

Amanda Newby ("petitioner") allegedly suffered an encephalopathy and seizures resulting in psychomotor retardation and cerebral palsy as a result of a diphtheria-pertussis-tetanus ("DPT") vaccine administered on December 26, 1985. On October 1, 1990, petitioner filed her claim under the Vaccine Act. In order to avoid dismissal, the special master ordered petitioner to develop substantially the factual and medical basis for her claim. On March 7, 1994, petitioner filed a notice voluntarily dismissing her claim.

On March 17, 1998, Rodney A. Klein, attorney for petitioner, filed an application for attorneys' fees and costs.[2] On March 27, 1998, Special Master John F. Edwards issued a decision directing that payment of $4,005.98 for attorneys' fees be made solely to petitioner's attorney. *See Newby v. Secretary of DHHS*, No. 90-2250V (Fed.Cl.Spec.Mstr. Mar. 27, 1998) (unpubl.). Thereafter, respondent filed a motion to review the special master's decision.

## DISCUSSION

In his March 27, 1998 decision, the special master relied on the special master's decision in *Heston v. Secretary of HHS*, No. 90-3318V, 1997 WL 702561 (Fed.Cl.Spec.Mstr. Oct. 3, 1997), finding that "the special master exercises discretion to direct that the judgment shall reflect that the check shall be payable *soley* to [petitioner's] attorney of record. . . ." *Newby*, slip op. at 1 (boldface omitted). The special master's decision in *Heston*, however, since has been overturned by Judge Andewelt. *See Heston v. Secretary of DHHS*, 41 Fed.Cl. 41 (1998). This case presents identical issues to those resolved in *Heston*.

Judge Andewelt concluded that the special master "erred as a matter of law when he determined that he had the authority to issue compensation covering attorneys' fees and costs directly to counsel." *Heston*, 41 Fed. Cl. at 48. The court's cogent reasoning in *Heston* lays to rest any arguments regarding to whom attorneys' fees and costs, as compensation under the Vaccine Act, should be issued. Attorneys' fees and costs in Vaccine Act cases must be awarded to petitioner. *See Heston*, 41 Fed.Cl. at 45–46.

Because petitioner voluntarily dismissed her claim, no compensation was awarded. However, section 15(e) allows an award of reasonable attorneys' fees and costs incurred in prosecuting a Vaccine Act claim, even when no other compensation is awarded.[3] The special master in *Heston* interpreted section 300aa-15(e) as sufficiently ambiguous to authorize direct payment of attorneys' fees and costs to counsel. Respondent contends that although section 15(e) does not direct to whom Vaccine Act compensation should be awarded, that omission does not imply a congressional grant of discretion to the special masters in making Vaccine Act awards. Re-

---

**2.** At the time of the application for attorneys' fees and costs, petitioner's attorney was no longer in contact with petitioner. The lack of communication between petitioner and attorney precluded compliance with General Order No. 9, which requires that all applications for attorneys' fees and costs include a statement signed by petitioner and counsel, which attributes the costs borne of each, including the amount of any retainer paid.

**3.** 42 U.S.C. § 300aa-15(e)(1) provides:

In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover—
(A) reasonable attorneys' fees, and
(B) costs,
incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

spondent further argues that sections 15(a) and (b) of the Vaccine Act unambiguously direct special masters and courts to award compensation, including attorneys' fees and costs, directly to petitioner. Petitioner counters that sections 15(a) and (b) are inapplicable because damages were not awarded; therefore, only section 15(e) is applicable.

Sections 300aa–15(a) and (b) provide that "[c]ompensation awarded under the program *to a petitioner* under section 300aa–11 of this title for a vaccine-related injury or death associated with the administration of a vaccine...." (Emphasis added.) Section 300aa–15(b) further provides that such compensation "may include the compensation described in (1)(A) and (2) of subsection (a) of this section and may also include an amount, not to exceed a combined total of $30,000, for ... (3) reasonable attorneys' fees and costs (as provided in subsection (e) of this section[) ]." 42 U.S.C. § 300aa–15(b) and (b)(3).

These provisions direct that compensation, if awarded, should be awarded to the petitioner, not petitioner's counsel. Both provisions are prefaced: "[C]ompensation awarded under the [Vaccine Act] *to a petitioner* under Section 300aa–11...." (Emphasis added.) Section 15(b)(3) specifically provides, as one of the possible compensation awards payable to petitioner, the award of attorneys' fees and costs "as provided in subsection (e) of this section." 42 U.S.C. § 300aa–15(b)(3). Because section 15(b) expressly incorporates section 15(e), 15(e) is subject to all the qualifications of (b), which includes awarding compensation to petitioner. *See Heston,* 41 Fed.Cl. at 44–46. Therefore, section 15(e) requires that the special master award attorneys' fees and costs directly to petitioner.

As Judge Andewelt explained, "[T]he statutory wording, legal precedent, and legislative history support the conclusion that all compensation payments under the Vaccine Act be directed 'to a petitioner'" and not to her counsel. *Heston,* 41 Fed.Cl. at 48.

## CONCLUSION

Accordingly, based on the foregoing, the special master erred as a matter of law when he determined that he had the authority to issue Vaccine Act compensation covering attorneys' fees and costs directly to counsel. The court overturns the award and remands this action to the special master for a decision on attorneys' fees consistent with this opinion.

**IT IS SO ORDERED.**